IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| PAO TMK,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant. | Court No. 21-00531 |

**{PROPOSED} ORDER**

  Upon consideration of Plaintiff's Consent Motion to Stay Proceedings, and all other papers and proceedings, it is hereby

  ORDERED, that Plaintiff's Consent Motion to Stay Proceedings is GRANTED;

  ORDERED, that the above-captioned action is STAYED until 75 days after the final disposition in the action *PAO TMK, v. United States* (Court No. 21-00532), including all subsequent remands to the agency; and it is further

  ORDERED, that the parties to the above-captioned action shall confer and submit a Joint Status Report and briefing schedule and/or state their positions as to how to proceed with this action no later than the date on which this stay dissolves.

  SO ORDERED.

Dated: _____, 2021   _____
   New York, New York       Honorable Timothy M. Reif, Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE TIMOTHY M. REIF

| | |
|---|---|
| PAO TMK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Court No. 21-00531 |

**CONSENT MOTION TO STAY PROCEEDINGS**

　　Pursuant to the U.S. Court of International Trade Rules 1 and 7, Plaintiff moves this Court to stay all proceedings in this action until seventy-five (75) days after the final disposition of a related action currently pending before this Court in *PAO TMK, v. Untied States* (Court No. 21-00532). A stay of the proceedings in the above-captioned action is warranted because the final disposition of the related action may render the litigation of the instant action moot. The related action challenges the U.S. International Trade Commission's ("Commission") injury determination. Were Plaintiff to prevail on its claims in the related action, the Commission would be required to issue a negative injury determination, and the U.S. Department of Commerce ("Commerce") would be required to revoke the countervailing duty order challenged in the instant action.

　　On December 23, In Kyu Cho, Counsel for Defendant United States, consented to this motion.

　　This Court has the authority to stay the proceedings in the above-captioned action. "{T}he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  A decision to stay the proceedings "is within the sound discretion of the trial court*.*" *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).  In making this determination, the Court "must weigh the competing interests and maintain an even balance" by considering the interests of the litigations, the public, and even the Court itself.  *Georgetown Steel Co. v. United States*, 259 F. Supp. 2d 1344, 1346 (Ct. Int'l Trade 2003) (citations omitted).

The Court should stay the instant action pending this Court's final judgment in the related action concerning Commission's injury determination that lead to the *CVD Order*. *See Seamless Carbon and Alloy Steel Standard, Line, and Pressure Pipe from the Republic of Korea and the Russian Federation: Countervailing Duty Orders*, 84 Fed. Reg. 47,060 (Dep't of Commerce August 23, 2021) (countervailing duty order) ("*CVD Order*").  In the related action, Plaintiff challenges the Commission's negligibility analysis claiming that the imports of subject merchandise from the Russian Federation did not cause material injury (or threaten with material injury) to the U.S. domestic industry because those imports were negligible.  A material injury determination by the Commission is required for the imposition of the *CVD Order*.  19 U.S.C. § 1671(a)(2).  Thus, were the Commission to find no material injury as a result of the litigation in the related action, Commerce would be required to revoke the *CVD Order*.  With no *CVD Order* in effect, Plaintiff's claims in the above-captioned action related to Commerce's final determination in the CVD investigation would be moot.

A stay will not cause any significant damage or harm to the interests of the parties.  This action will remain in place and the *status quo* will be preserved while awaiting a decision by this Court in the related action.  The U.S. Customs and Border Protection can continue collecting cash deposits in accordance with the *CVD Order* the same way as it would if the present action

were not to be stayed.  Issuing the stay would be efficient for the Court and the parties because the final decision in the related action may obviate the need for a briefing in the above-captioned action.  If the related action were not to resolve in favor of Plaintiff, parties would be able to proceed with the above-captioned action and expend similar amount of time and resources as if the action were not stayed.

Therefore, for these reasons, Plaintiff respectfully request that the Court grant this consent motion to stay the above-caption action until 75 days after this Court issues a final judgment in *PAO TMK, v. Untied States* (Court No. 21-00532).  A proposed order to stay the proceedings in this action is attached.

Dated:  December 28, 2021

Respectfully submitted,

Daniel Cannistra
John Anwesen

CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Tel: 202.624.2902
E-mail: DCannistra@crowell.com